
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CAIQIN LI,

                Petitioner,

    v.

JEFFERSON B. SESSIONS III, Attorney
General,

                Respondent.

No.   14-72708

Agency No. 099-966-850

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2017[**]
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

Li seeks review of a BIA order denying her claims for asylum and

withholding of removal; the BIA decided Li did not meaningfully appeal the denial

of her CAT claim, and she does not challenge that ruling on appeal to our court.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny Li's petition for review.

"We review factual findings of the IJ and BIA under the substantial evidence standard. That is, we must sustain factual findings if supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003) (citation and internal quotation marks omitted). Under the REAL ID Act, the IJ's credibility determination is based on "the totality of the circumstances, and all relevant factors," which may include the inherent plausibility of the applicant's account, the consistency between her written and oral statements, the internal consistency of her statements, and any inaccuracies or falsehoods in these statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ's adverse credibility determination was supported by substantial evidence. For example, the IJ pointed to several inconsistencies in the record including Li stating a fact in a supplemental written application and then contradicting the fact while being questioned by her own attorney. Without credible testimony or other evidence supporting her claim, Li has not shown that she is entitled to asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION DENIED.**